DA 06-0549

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 300N

DENNIS J. ANDERSON, LOREN D.
HENNEBERRY AND TERRY HENNEBERRY,

      Plaintiffs and Appellants,

  v.

JOSEPH OSTERMILLER and JOSEPH J. OSTERMILLER,

      Defendants and Appellees.

APPEAL FROM:   District Court of the Fourteenth Judicial District,
                In and For the County of Musselshell, Cause No. DV-2003-24
                Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Floyd A. Brower, Brower Law Firm, Roundup, Montana

      For Appellees:

          Robert W. Snively, Robert W. Snively, P.C., Roundup, Montana

Submitted on Briefs:  May 31, 2007

Decided:  November 20, 2007

Filed:

_____
                    Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Dennis J. Anderson, Loren D. Henneberry, and Terry Henneberry (Appellants) appeal an order of the Fourteenth Judicial District denying their complaint for injunctive relief and damages. Because the District Court's conclusions of law were correct and its findings of fact were not clearly erroneous, we affirm.

¶3    In 1973 the Henneberrys purchased a tract of land from Charles E. and Cheryl L. Hoke (Hokes), ultimately acquiring a warranty deed to this property in July of 1974. When purchased, there was no access between this tract and nearby U.S. Highway 87. Moreover, the warranty deed which the Henneberrys received did not grant them an easement, and conveyed the property "subject to easements, reservations and rights-of-way of record." After purchasing the property, the Henneberrys constructed a road across another piece of property owned by the Hokes so they could reach their land by Highway 87.

¶4    In September 1975 Joseph Ostermiller also purchased a tract from the Hokes which neighbored the one purchased by the Henneberrys. The warranty deed conveying this property to Ostermiller contained a reservation for any then-existing roadways, but did not specify the location or width of such roadways. That same year Ostermiller

2

began widening and improving the pre-existing roadway which the Henneberrys had constructed. He was under no obligation to make these improvements and received little or no assistance from the Henneberrys.

¶5     In 1984 Anderson purchased, by warranty deed, a tract of land from Ostermiller which was in the vicinity of the land owned by Ostermiller and the Henneberrys. This tract of land included an establishment known as the Tumbleweed Bar. Like the other deeds at issue in this case, this warranty deed did not grant Anderson an easement and conveyed the property "subject to easements, reservations and rights-of-way of record." Sometime after purchasing the property from Ostermiller, Anderson began operating the Tumbleweed Bar. Because the parking lot for the bar was insufficient to accommodate the level of patronage, Ostermiller agreed to allow some of the overflow parking to spill onto his property.

¶6     Around March of 2002 Anderson entered into negotiations with a third party to sell the Tumbleweed Bar. Around May or June of 2002 Ostermiller and his son built a fence on his property and set a corner post on the existing roadway. This had two effects. First, it prevented overflow parking on Ostermiller's property. Second, it somewhat narrowed the roadway.

¶7     Anderson's prospective sale of the Tumbleweed Bar eventually fell through. Anderson claims this was due to the construction of the fence, as it limited the availability of parking for patrons of the bar. Because of this, and because the Henneberrys believed that Ostermiller's construction of the fence was interfering with their rights of access to their property, the Henneberrys and Anderson filed suit against

3

Ostermiller to enjoin him from constructing the fence. Anderson also sought damages for the loss of the prospective sale of the bar.

¶8 The District Court rejected Appellants' claims for injunctive relief and damages. The District Court held that the overflowing parking which Ostermiller had previously allowed was entirely permissive and could be revoked by him at any time. Furthermore, the District Court found that Ostermiller had widened the road at his own expense without any obligation to do so, and that the location of the fence was on the border of Ostermiller's property, and therefore lawfully placed. Moreover, the District Court visited the properties and noted that, even with the fence in place, there was still sufficient room on the road for ingress and egress to the Henneberrys' property. Additionally, the District Court rejected the Appellants' "thinly veiled attempt" to state a late claim for a prescriptive easement, noting that no such claim or grounds for relief had been stated in the complaint. Finally, the District Court rejected Anderson's claims for damages as speculative and unsupported.

¶9 On appeal, Appellants have failed to present any arguments or evidence establishing that the District Court's findings of fact were clearly erroneous, or that its conclusions of law were incorrect. The Henneberrys still have access to their property via the road. Moreover, the widening of the road undertaken by Ostermiller was entirely gratuitous and done on his own property, and the Henneberrys never obtained an easement to use the widened portion. Ostermiller was free to revoke his permission for them to use this extra portion of the roadway at his pleasure. The same is true for the overflow parking allowed by Ostermiller—it was permissive and revocable by him at

4

will. With respect to Appellants' claims for damages, the District Court correctly determined they were speculative and unsupported. Appellants have presented nothing to demonstrate why this conclusion should be reversed.

¶10 For these reasons, we affirm the decision of the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ JIM RICE